## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § | |
| **v.** | § § | **CRIMINAL NO. 4:18-CR-180-SDJ-KPJ** |
| **RENE OSORIO-LOPEZ** | § § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on April 15, 2021, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Tom Gibson.

On February 12, 2019, Defendant was sentenced by the Honorable Marcia A. Crone, United States District Judge, to a sentence of four (4) months imprisonment followed by a one (1) year term of supervised release for a violation of 8 U.S.C. § 1326(a)(2)(B) – Reentry of Deported Alien. Defendant's supervision commenced February 17, 2019.

On February 10, 2020, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 32). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant must not commit another federal, state, or local crime; and (2) Defendant must, immediately upon release from confinement, be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C. § 1101, *et seq.* If ordered deported, Defendant must remain outside of the United States. In the event Defendant is not deported, or for any reason he re-enters the country after having been deported,

Defendant must comply with all conditions of supervised release, to include reporting to the nearest United States Probation Office within seventy-two (72) hours of release by immigration officials or re-entry into the country.

The Petition asserts that Defendant violated these conditions because: (1) after being formally deported from the United States on February 20, 2019, on January 25, 2020, Defendant re-entered the United States, by making entry near Hidalgo, Texas; and (2) as a result of the illegal reentry, Defendant was charged in the Southern District of Texas with the offense of Reentry of Deported Alien, 8 U.S.C. § 1326.

At the hearing, Defendant entered a plea of true to allegations one and two (1–2). Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release, and thus, his supervised release should be revoked.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the April 15, 2021, hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months, with no supervised release to follow.

**So ORDERED and SIGNED this 16th day of April, 2021.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE